## J. B. McWHORTER v. W. D. NORTHCUT, MAYOR, ET AL.

### Decided May 11, 1900.

**Mandamus to Recover Office—Appeal After Expiration of Term.**

Where, in an action of mandamus by appellant to compel his reinstatement into office after an ouster therefrom, the term of office had expired at the time the case was reached on appeal, the judgment of the appellate court will be one dismissing the case, leaving appellant the right to bring a separate suit for the salary or fees of the office.

APPEAL from Gregg. Tried below before Hon. TOM C. DAVIS.

*F. B. Martin* and *Turner & McHaney*, for appellant.

*J. F. Huffington, F. J. McCord,* and *Young & Stinchcomb,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellant for mandamus to compel the mayor and board of aldermen of the city of Longview, in Gregg County, to reinstate him in the office of city marshal from which he alleged he had been unlawfully and wrongfully ousted by impeachment proceedings brought before that body. J. A. Lane, who is alleged to have been appointed in his stead, was also made a party defendant.

Appellant alleged in his petition the facts and circumstances attending the ouster, under which it was averred that the proceedings by which his impeachment was procured were unauthorized by law and the judgment of impeachment void. The trial court sustained a general demurrer to the petition, and the appellant, refusing to amend, has brought the cause here by appeal.

The term of office for which appellant sues has expired, and should this court conclude that the trial court erred, and that appellant, at the date of trial, was entitled to the mandamus prayed for, the judgment of this court could not be lawfully executed.

In Robinson v. State, 87 Texas, 562, the Supreme Court refused, on a like state of facts, to consider the questions presented, or to entertain the appeal merely to determine the question of costs. Citing in support of its ruling LaCoste v. Duffey, 49 Texas, 767, and Gordon v. State, 47 Texas, 208. In Tax Collector v. Finley, 88 Texas, 522, these cases were cited and followed.

In Robinson v. State, supra, it was urged on motion for rehearing that inasmuch as the judgment complained of, if undisturbed, would be a bar to a suit for the unpaid salary, the appellants had the right to have the validity of the judgment determined. The Supreme Court adhered to the disposition of the case as first made, but left open and undecided the question above stated on the ground that it was not necessary to the decision of the case.

A decision of the question is necessary to the disposition of this appeal, because it is clear that appellant may bring a separate suit for his salary and fees as marshal, in which event the judgment of the court below might be held a bar to his cause of action.

We are content to follow the rule as announced in the cases first above cited, not only because the doctrine has not been expressly overthrown, but because in our opinion appellate courts should not decide questions of law on the mere contingency of future litigation.

We are of opinion that the appeal should be dismissed, and it is so ordered.

*Dismissed.*

Application for writ of error denied by the Supreme Court with written opinion. See McWhorter v. Northcut, 94 Texas, —.