GILL v. HUDSPETH COUNTY CONSERVATION & RECLAMATION DIST. NO. I et al.

No. 3379.

Court of Civil Appeals of Texas. El Paso.
Nov. 21, 1935.

Rehearing Denied Nov. 27, 1935.

Lea & Edwards, of El Paso, for appellant.

McBroom & Clayton, of El Paso, for appellees.

HIGGINS, Justice.

This is a suit by the Hudspeth County Conservation & Reclamation District No. 1, and others owning lands within said district, against Dave Gill.

Gill owns 2,240 acres of land in Hudspeth county riparian to the Rio Grande river; 800 acres thereof are in cultivation by him. Hudspeth county is in the arid region where irrigation is essential to grow crops. The boundaries of the Conservation & Reclamation District and lands owned by the other plaintiffs are in the Rio Grande Valley some distance up the river from Gill's land.

Some years prior to the bringing of the suit, Gill built a dam in the channel of the Rio Grande river which backed the water up and diverted it into his irrigation ditches. The dam had a concrete spillway with a gate in it. According to Gill's evidence, he built the dam in 1926. According to plaintiff's witness Ainsworth, it was built in the latter part of 1928 or 1929. It is conclusively shown the dam had been in existence and use by Gill for at least six years before this suit was brought.

In September preceding the institution of this suit in October, 1935, a portion of the dam was destroyed by a flood in the Rio Grande. Gill assembled material for repairing the break, and was preparing to do so when he was temporarily restrained from so doing. Notice was issued to show cause why a temporary injunction should not issue. Gill filed a sworn answer denying the equities set up in the bill. Upon the hearing held October 18, 1935, evidence was heard and Gill enjoined "from proceeding with the construction of the dam described in plaintiff's petition * * *" and "restrained from further obstructing said river and from placing any further obstructions therein; this temporary injunction to remain in full force and effect until the final trial of this cause on its merits."

The court denied without prejudice the prayer for a temporary mandatory injunction compelling Gill to remove the remaining portion of the dam.

From such order Gill appeals.

According to Gill's testimony, his crop, or at least his alfalfa, needed two more irrigations. The injunction has prevented him from so irrigating, but it is unnecessary to consider this phase of the case, for this court judicially knows the irrigation season for 1935 had terminated before this appeal was submitted. Whatever equity might have existed in Gill's favor upon that phase of the case is now unimportant, for the damage, if any, has already been inflicted. Dissolution now of the injunction would not repair such damage.

However, the injunction will remain in force until final trial upon the merits. Such trial cannot be held until the next term of the district court of Hudspeth county which will not convene until the third Monday in March, 1936. It may not be tried at that time and the injunction remain in effect through the irrigation season of 1936. Aside then from any equities affecting the past irrigation season, Gill's rights in 1936 are involved.

In behalf of the plaintiffs evidence was adduced showing the dam raised the water in the river 4.6 feet, thus preventing the proper drainage of plaintiffs' lands; raised the water level in their lands and caused the same to be water logged and unfit for cultivation; that it causes the water to back up in the drainage ditches of the district necessitating pumping the water out of the irrigation ditches at great expense; also causes the river channel to silt and raise the level of the river bed.

On the other hand, there is ample evidence contradicting this theory of plaintiffs.

Caldwell testified the dam was only 2.2 feet high and would not back the water more than 3,200 feet. His testimony and other witnesses is to the effect that plaintiffs' lands and drainage thereof are not affected by the dam. According to their testimony, the condition of plaintiffs' land is caused by surface water flowing upon it from the hills and arroyos on the north, and inadequate natural drainage. Gill testified the concrete spillway was kept open, except when he desired to divert the water into his irrigation ditch,

and the spillway carried past the dam the normal flow of the river.

We will not undertake in this opinion to summarize the testimony of the various witnesses. Suffice it to say the evidence raises substantial issues of fact upon which the equities of the plaintiffs must rest.

Appellees say the granting of a temporary injunction ordinarily rests in the sound discretion of the trial court, and its action in so doing will not be set aside upon appeal unless it clearly appears such discretion has been abused.

■ The discretion of the court in such matters is not always so broad as stated. Such discretion exists where the temporary injunction serves to maintain the status quo until final trial, in which case such discretion should be exercised in favor of the writ. On the other hand, the court's discretion should be exercised against the writ if its issuance would change the status quo. 24 Tex.Jur. Title Injunctions, §§ 85 and 86, and cases there cited.

■ The status quo, as the term is used in injunction suits, means "the last actual, peaceable, noncontested status of the parties to the controversy, which preceded the pending suit, and which should be preserved until a final decree can be entered." City of Farmersville v. Texas-Louisiana Power Co. (Tex.Civ.App.) 33 S.W.(2d) 272, 275. The undisputed evidence upon the hearing shows the dam was built at least six years ago, and has been since continuously maintained and used by Gill. During this time no action was taken to abate the same as a nuisance. Indeed, the record is silent as to any protest by plaintiffs to Gill against the maintenance of the dam. The undisputed fact is that Gill was not undertaking the original construction of a dam, but merely to repair a break in a pre-existing dam caused by a recent flood, thus restoring it to the condition which had existed for six years.

Under such circumstances, we are of the opinion the true status quo was the dam as it had been maintained and used for the preceding six years; that the temporary injunction did not preserve the status quo, but in truth changed the same. City of Farmersville v. Texas-Louisiana Power Co., supra; Welsh v. Carter (Tex.Civ. App.) 30 S.W.(2d) 354.

■ Another rule frequently applied in determining the propriety of issuing a temporary injunction is that the court will consider the relative conveniences and hardships of the parties which will result from the granting or refusal of the writ. 24 Tex.Jur. Title Injunctions, §§ 87 and 96.

■ In this case Gill will be greatly damaged if he be deprived of the use of the dam during the 1936 irrigating season. The damage, if any, to plaintiffs, caused by the dam has already been inflicted. Conceding that upon final trial the plaintiffs establish their right to have the dam abated as a nuisance, we can see no immediate pressing necessity for depriving Gill of the right to repair and use the dam during the 1936 irrigating season, in order to protect plaintiffs from any immediate further damage. The evidence shows no such immediate pressing necessity for the protection of plaintiffs' rights.

Another important consideration in this case in support of the view the temporary injunction should not have been granted, is that the evidence is in substantial conflict as to whether the dam is the cause of the damage to the plaintiffs' lands and drainage ditches of which they complain. City of University Park v. Rahl (Tex.Civ.App.) 36 S.W.(2d) 1075.

Upon the various considerations to which we have referred, we are of the opinion the temporary injunction should not have been granted.

Appellant presents a proposition asserting the plaintiffs have been guilty of laches precluding them from the relief they seek. This presents a question which cannot be well determined in advance of final trial and determination of the true facts.

We express no opinion now upon such question.

It is unnecessary to consider the question raised as to nonjoinder of Pascual Mier who appellant asserts is a necessary party defendant.

It may be he is a necessary party (Matagorda Canal Co. v. Markham Irr. Co. [Tex.Civ.App.] 154 S.W. 1176), but he can be joined before final trial.

The order granting the temporary injunction is reversed, and judgment here rendered denying such injunction.