## DAVIS et al. v. TURNER et al.

### No. 11185.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1940.

J. G. Howard and H. J. Nichols, both of Houston, for appellants.

J. Meek Hawkins, of Houston, for appellees.

GRAVES, Justice.

This appeal—accelerated into and advanced for hearing by this court, pursuant to R.S. Article 4662—is from an order of the 127th District Court of Harris County, sitting without a jury, granting the appellees (Ben Green, Olivia Turner, Julius Franklin, A. Joseph, and Ned Weathers) a temporary injunction against the appellants (Van Collins, R. Davis, F. W. Perkins, Sr., and G. A. Botley, also referred to as G. A. Bailey), pending trial on its merits of cause No. 269,194, Olivia Turner et al. v. Roosevelt Davis et al., on the docket of that court.

The material provisions of the order were these:

"The Court, after hearing evidence thereon, finds from the testimony of the defendants that the purported election held at the Mount Olive Baptist Church on September 3, 1940, was not in fact an election under the rules of said church, but that the ballot presented at said purported election had printed thereon the names of candidates for office of only one faction of the congregation, and that said ballot had provided thereon no spaces for the printing or writing in of names of others for the offices in question. The Court finds that the ballot shows on its face that a free expression of a majority of the members of the congregation of the said church could not be had. The Court further finds from the testimony of the defendants, Van Collins and R. Davis, that they attempted to limit the vote to those members of the congregation who were not more than three months in arrears in their dues; that although the purported election was held on September 3, 1940, the books of the church for the year 1939 were used to determine who was eligible to vote in said election, and that no record was kept to determine who had or had not paid dues during the year 1940.

"The Court finds from the testimony of the said defendants that the said acts in connection with the said purported election were arbitrary and capricious and designed to and did prevent many members of the congregation from voting at the said purported election. * * *

"It is therefore decreed by the Court that the defendants, Van Collins, R. Davis, F. W. Perkins, Sr., and G. A. Botley, also referred to as G. A. Bailey, be, and they are hereby enjoined * * * from assuming to act as officers of the Mount Olive Baptist Church, under and by virtue of the purported election of September 3, 1940. * * *

"That the Building Fund of said Mount Olive Baptist Church be, and the same shall be held intact, pending the disposition of this cause upon its merits.

"That the said defendants, Van Collins, R. Davis, F. W. Perkins, Sr., and G. A. Botley, also referred to as G. A. Bailey, and the plaintiffs herein, Ben Green, Olivia Turner, Julius Franklin, A. Joseph, and Ned Weathers, be, and they are hereby restrained and enjoined from in any manner interfering with the worship of the congregation of the Mount Olive Baptist Church, and the right of such congregation peaceably to assemble in said church-building, pending the trial of this cause upon its merits."

The appellees were the plaintiffs below, the appellants the defendants, and all were negroes.

As the quoted order indicates, the suit to which it was an ad interim incident, had to do with the control, management, and internal affairs of the colored church in the City of Houston, known as the Mount Olive Baptist Church, and the final relief sought by the plaintiffs therein was the setting aside of the purported election for a pastor and officers thereof held September 3, 1940.

They further sought at the hands of the court the appointment of a moderator, with direction that he hold another election for the choosing of such functionaries, and, pending a final disposition of the whole cause on its merits, prayed for a temporary injunction, "restraining the defendants, Van Collins, G. A. Bailey, R. Davis, and F. W. Perkins, Sr., and each of them, from declaring the result of said purported election of September 3, 1940, and assuming to act thereunder, and from dissipating or

converting said Building Fund to their own use and benefit, and that they and each of them be notified to appear at some day fixed by the Court to show cause why a temporary injunction should not issue in all things as prayed for."

Attached to such petition as an exhibit there appeared a purported copy of the ballot alleged to have been used in such election, which was followed by the affirmative averment that: "46 members thereof were elected to the offices in said church."

It further appeared from the uncontroverted evidence received upon the hearing in review that at least several of the officers so chosen upon such ballot, none of whom are parties to this proceeding, received salaries—that is, the pastor, the secretary, the pianist, and the sexton of the church.

It is thus undisputedly made to appear—upon the face of the record itself—that there is a lack of necessary and indispensable parties defendant to the validity of the writ so granted, in that only four, that is, the named appellants, out of the 46 officers chosen at such challenged election, have been made parties hereto; obviously each and all of them were vitally interested in and affected by the effort to set aside the election by which they had been chosen, as well as by the ban thus put by the court on its going into effect at all, in advance of a trial of the whole controversy on the facts.

Under these authorities, it is held that such development invalidated the order under review: Barmore v. Darragh, Tex. Civ.App., 227 S.W. 522; Oliver v. Smith, Tex.Civ.App., 187 S.W. 528, error refused; Brown v. First National Bank, Tex.Civ. App., 175 S.W. 1122, error refused; Adams v. Bankers' Life Co., Tex.Com.App., 36 S. W.2d 182; Needham v. Cooney, Tex.Civ. App., 173 S.W. 979, error refused; Ball v. Cundiff, Tex.Civ.App., 127 S.W.2d 502, error dismissed; Kelly v. Lobit, Tex.Civ. App., 134 S.W.2d 428; H. M. Cohen Lumber & Building Co. v. McCalla, Tex.Civ. App., 142 S.W.2d 685.

The appellants in this instance properly raised the objection of a want of necessary parties, in several ways during the trial, hence, were that necessary, no objection on that score could be raised on the appeal.

It follows from these conclusions that the order was an improvident one, hence

should be reversed, and that the cause for temporary injunction should be dismissed, without prejudice, however, to any rights the appellees may have to hereafter amend their pleadings by the inclusion of all such necessary parties. It will be so ordered.

Reversed and dismissed without prejudice.