STATE ex rel. CITY OF JASPER v. GULF STATES UTILITIES CO.

No. 4270.

Court of Civil Appeals of Texas.

Dec. 21, 1944.

Rehearing Denied Jan. 17, 1945.

Grover Sellers, Atty. Gen., B. A. Hamilton, City Atty., of Jasper, Vinson, Elkins, Weems & Francis, of Houston, and W. V. Geppert, Asst. Atty. Gen., for appellant.

Orgain, Carroll & Bell, of Beaumont, and T. Gilbert Adams, of Jasper, for appellee.

COE, Chief Justice.

This suit was instituted by the State of Texas, acting by and through the attorney general of Texas, upon the relation of the City of Jasper, appellant herein, against the Gulf States Utilities Company, a Texas Corporation, appellee, in the nature of a quo warranto proceeding to test the right of the utility company to use the streets and alleys of the City of Jasper for the purpose of distributing electricity to the public for profit. A jury being waived, the cause was tried to the court who found for the defendant, from which judgment the plaintiff has perfected this appeal.

Appellant urges this court to reverse and render this cause on two propositions, which are substantially as follows: (1) That the purported franchise granted by the Commissioners' Court of Jasper County to appellee's predecessors, under authority of which appellee now claims a right to use the streets and alleys of the City of Jasper to distribute electricity to the public for

502

profit, is void because the Commissioners' Court was without power or authority to grant the same, and (2) that the Gulf States Utilities Company now has no authority to use the streets and alleys of the City of Jasper to distribute electricity to the public for profit.

■ The appellee counters with some thirteen counterpoints, the first being in substance that the appellant's pleadings were insufficient as a basis for the relief prayed for in that it did not negative every reasonable inference arising upon the facts as alleged, such as acquiesence by affirmative acts, ratification, estoppel and laches. We are of the opinion that appellant's petition was sufficient to plead a cause of action in this character of case, the injunctive features of this suit being only ancillary to the quo warranto proceeding. The strict rules applicable to petitions for injunctions and mandamus do not apply. See 51 C.J. 345. The petition alleged that the City of Jasper was duly incorporated and that the appellee is using the streets and alleys of the city to conduct its utility business without the consent of the city and contrary to its ordinances and the laws of the State of Texas. These allegations are sufficient to support a judgment granting the relief sought.

■ On the other hand, appellant contends that appellee's pleadings were insufficient to support a judgment in its favor on the theory of acquiescence, ratification and estoppel. This contention is overruled. While it is true that appellee did not use the word estop it plead all the necessary facts to show acquiesence, ratification and estoppel, provided the law makes available such defenses.

As we view this case, it is necessary for us to discuss only one proposition which is fairly stated in appellee's ninth counterpoint, as follows: "If the consent is given orally by the city officials of the plaintiff to defendant shortly after its purchase of the property, franchise, rights and privileges of Jasper Electric Company to conduct an electric public utility business and to use the streets, alleys and public ways of the town of Jasper in carrying on such business until at least February 14, 1960, was ineffective at such time because not covered by an ordinance then enacted to evidence such consent, yet plaintiff having the right to grant defendant a franchise to include every right and privilege as covered by such consent as given in 1927, and defendant having rendered adequate service thereafter, complied with all laws and lawful ordinances, and the plaintiff having contracted with it for electric service on behalf of the municipality from 1930 to 1942, assessed and collected taxes on defendant's property each year thereafter, · collected from it an occupation tax each year except the last two years, and collected a street rental for the last two years for the privilege it enjoyed and to be enjoyed in carrying on its business, and having shortly after the purchase from Jasper Electric Company requested it to buy the city's waterworks and sewer system so the city could concentrate on street improvements, and having passed a resolution in 1938 to purchase the properties and franchises of defendant, and the city as well as the city officials, having all made use of defendant's electric public utility service as patrons thereof down to 1942, and during all of the time, large expenditures having been made by defendant extending the system and service in Jasper in an amount exceeding $100,000.00, and plaintiff having acquiesced by affirmative acts, so consented to the use of the streets, alleys and public ways, it will be conclusively presumed that plaintiff ratified the consent as given and after the long period of time intervening under this record, it will not be heard to say otherwise, as found by the trial court."

It appears from the findings of fact by the trial court, which is amply supported by the evidence, and is unchallenged, that in 1910 the citizens of the unincorporated town of Jasper, Jasper County, desiring the conveniences that could be furnished by a public service electric company, applied to the Commissioners' Court of Jasper County for a franchise, right and privilege for the use of the streets and alleys of the unincorporated town of Jasper for the construction and operation of a public utility electric service business, and that court granted to J. R. Ratcliff of Jasper, as trustee for the benefit of a corporation thereafter to be organized and chartered by the citizens of said town of Jasper, in the nature of a board of trade or progressive commercial league (to be thereafter named and designated), a franchise for the establishment and operation of an electric light plant and water plant, such franchise to extend for and during a·period of 25 years from the date of the charter of such organization; it being further provided that Ratcliff

should assign and transfer the franchise. Thereafter, on January 11, 1911, the Commissioners' Court of Jasper County, Texas entered an additional order granting a franchise to the Jasper Electric Company, allowing said company to put up poles and wires on the streets of Jasper and public roads adjacent to said town. Charter was issued by the Secretary of State to the Jasper Electric Company, authorizing it to carry on all electric public utility business in the town of Jasper. On November 4, 1910, Ratcliff transferred the franchise theretofore granted to him to the Jasper Electric Company. In February, 1925, the Commissioners' Court of Jasper County granted an extension of the previous franchise, providing for an additional period of 25 years to begin with the expiration of the previous franchise granted, which expiration was recited as being February 14, 1935. On May 5, 1927, Jasper Electric Company sold all of its property, franchises and rights, including the franchises herein above referred to, to the Gulf States Utilities Company. It was stipulated on the trial that the Gulf States Utilities Company was duly incorporated and had the right to carry on a public utility electric service business, and was functioning as such under its charter, and has since the 5th day of May, 1927, down to the present time operated an electric generation plant and has kept up and maintained an electric distribution system in the City of Jasper, Texas, using the streets and alleys of the City of Jasper for that purpose during that period of time.

On October 26, 1926, the inhabitants of the unincorporated town of Jasper voted to incorporate said town, the result of said election being declared by the county judge of Jasper County on October 29, 1926, and it has been operating as an incorporated city since that date.

The evidence shows, and the trial court so found, that after appellee bought the property in question it took up with the city officials of the incorporated town of Jasper the question of granting a franchise to Gulf States Utilities Company as successors and assigns for the use of the streets and alleys and public ways of the incorporated town of Jasper, but in a conference it was decided while the city was willing to grant the franchise in question that it already held a franchise from the Commissioners' Court of Jasper County, which gave it all the rights and privileges

desired by it up to February 14, 1960, that the incorporated town of Jasper consented to the use of the streets, alleys and public ways under the terms and conditions of the franchise as held by it from the Commissioners' Court of Jasper County, Texas. These findings are amply supported by affirmative acts upon the part of the City of Jasper in dealing with, levying and collecting taxes upon the properties of appellee throughout this period of time. It would unduly lengthen this opinion to undertake to set out the evidence upon which the court concluded that the appellant had consented to, acquiesced in and ratified the franchise in question. We will content ourselves by saying that the evidence amply supports such findings and conclusions.

While we do not pass upon the proposition which had been ably briefed by each side, of the authority of the Commissioners' Court to grant the franchise in question, there is nothing in such franchise that renders either illegal, and since the city of Jasper had full authority to grant such franchise they could adopt same as their own act by consent and ratification, which the trial court in substance concluded they had done. 30 Tex.Juris., Par. 118, p. 343; City of Baird v. West Texas Utilities Co., Tex.Civ.App., 174 S.W.2d 649; City of Port Arthur v. Young, Tex.Civ.App., 37 S.W.2d 385; City of Austin v. Bartholomew et al., 5 Cir., 107 F. 349; City of Mountain View v. Farmers' Tel. Exchange et al., 294 Mo. 623, 243 S.W. 153; State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W.2d 394, 89 A.L.R. 607; McQuillin Municipal Corpns., 2d Ed. Revised, Vol. 4, Par. 1818, pp. 1070 to 1072; 19 R.C.L., Par. 428, pp. 1155 to 1156; 25 Am.Juris., p. 471; Mayor, etc., of Hagerstown v. Hagerstown R. Co., 123 Md. 183, 91 A. 170, Ann.Cas. 1916B, 1267, 7 A.L.R. 1239; City of Bradford v. New York & P. Tel. & Tel. Co., et al., 206 Pa. 582, 56 A. 41; Village of London Mills v. White, 208 Ill. 289, 70 N.E. 313; People ex rel. Beardsley v. City of Rock Island et al., 215 Ill. 488, 74 N.E. 437, 106 Am.St.Rep. 179; People ex rel. New York & R. Gas Co. v. Cromwell, 89 App.Div. 291, 85 N.Y.S. 878. We cannot agree with appellant's contention that a municipality cannot be estopped from asserting the invalidity of a franchise. While the authorities are not in complete agreement on this point, we are of the opinion

that the greater weight of the authorities, supported by reason, are to the effect that a municipality under the facts of this case will not be heard to challenge the validity of the contract or franchise. The appellee for 17 years has carried on the business of supplying the City of Jasper and its inhabitants with electricity, in conformity with the franchise granted and all ordinances of the city affecting the conduct of its business, with the full knowledge of the city that it claimed the right to so operate until the 14th day of February 1960. The city having dealt with the appellee as it did, recognizing all of its asserted rights, assessing and collecting taxes of various kinds, and committing many other affirmative acts tending to show consent and acquiesence, we are of the opinion that, by whatever name it may be called whether estoppel or some other form of legal terminology, it will be conclusively presumed that the city gave its consent to the appellee to carry on its business in the City of Jasper under the terms and provisions of the franchise granted by the Commissioners' Court of Jasper County, and that they will not now be heard to assert the invalidity, if any, of such franchise.

It follows that we are of the opinion that no error has been shown in the judgment of the trial court, and it is, therefore, affirmed.