## STEINBERG v. AMERICAN BANTAM CAR CO. et al.

### No. 9634.

United States Court of Appeals Third Circuit.

Argued Nov. 18, 1948.

Decided Feb. 23, 1949.

Kenneth G. Jackson, of Pittsburgh, Pa. (William D. Sutton and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa. on the brief), for appellants.

Francis D. Wells, of New York City, (Beck, McGinnis & Jarvis, of Pittsburgh, Pa. on the brief), for appellee.

Before BIGGS, Chief Judge and GOOD-RICH and O'CONNELL, Circuit Judges.

BIGGS, Chief Judge.

Steinberg, a citizen of New York and a stockholder of American Bantam Car Company (Bantam), a Pennsylvania corporation, brought suit against Bantam, against certain of its officers, against Bowes, Kissel and Croll, named as proxy holders in a proxy form dispatched by the management of Bantam to its stockholders. The proxies were intended to be voted at a postponed annual stockholders' meeting of Bantam. Bowes was alleged in the complaint to be a citizen of Illinois; Croll, a citizen of Pennsylvania, and Kissel, a citizen of New York. The complaint contained the usual allegation as to jurisdictional amount. It asserted also that Croll, the secretary of Bantam, had failed to call the annual meeting of stockholders on September 15, 1947 as required by the by-laws; that an audit of Bantam's books as completed August 18, 1947 showed that Bantam had sustained a loss of nearly a million and a quarter dollars for the fiscal year ending June 30, 1947, and that the audit was not forwarded to stockholders until December 9, 1947. Steinberg also alleged that Bantam's management had thrown difficulties in the way of an independent stockholders' committee (of which Steinberg was a member) which sought to obtain a list of stockholders, many stockholders of Bantam being desirous of effecting a change in the management of the corporation. The complaint prayed the court below to enjoin

the holding of the postponed annual stockholders' meeting scheduled for February 16, 1948 "* * * to the end that a reasonable time will be accorded to the Independent Stockholders' Committee * * to solicit proxies. * * *"

The complaint was filed on February 13, 1948 and on the same day the court below issued a temporary restraining order restraining the three proxy-holder defendants, including Kissel, from voting any proxies obtained by them at an adjourned annual stockholders' meeting which had been scheduled by the management for February 16, 1948, and set the application for an interlocutory injunction down for hearing on February 24. The final sentence of the temporary restraining order stated: "Injunction bond to be given in the sum of $5,000.00." On February 13 a bond designated as a "Bond for Temporary Restraining Order" was given by a surety company in the amount specified, expressly conditioned as follows: "Now the condition of this obligation is such that if the said plaintiff shall indemnify the said defendants for all damages that may be sustained by reason of said *temporary restraining order*, then this obligation to be void; otherwise, to be and remain in full force and virtue, provided it is finally determined that the Plaintiff was not justly entitled to such *temporary restraining order*."[1]

On February 16 the plaintiff moved to discontinue the proceedings against Kissel, who, as has been pointed out, was alleged to be a citizen of New York, and to dismiss the action as to him apparently in order to avoid the charge of lack of diversity. The court orally granted this motion.[2] On the same day the defendants moved to dismiss the complaint on several grounds including want of diversity and improper interference with the internal affairs of Bantam. This motion was denied.

On February 17, the defendants, other than Kissel, appealed from the order of the court below of February 13 granting the temporary restraining order, from the orders of the court below of February 16 denying the defendants' motion to vacate the temporary restraining order, denying the defendants' motion to dismiss the complaint, and granting the plaintiff's motion to dismiss as to Kissel. The plaintiff moved orally to dismiss the appeal and on February 18 we granted the motion to dismiss on the ground that the temporary restraining order was not appealable. No application for certiorari was filed.

On February 24 the defendants again moved the court below to dismiss the complaint, averring as grounds, inter alia, failure to state a cause of action, failure to name as parties defendant stockholders whose proxies were held by the management proxy holders and failure to continue Kissel as a party defendant.

On the same day the court below proceeded to a hearing on the plaintiff's motion for a preliminary injunction and on the defendants' motion to dismiss the complaint and, concluding that a cause of action had been stated against Bowes and Croll and that Kissel and the stockholders referred to were not indispensable parties, enjoined Bowes and Croll from voting the proxies held by them until March 5, 1948, "* * * in order to make positive that a fair election of directors will be held by the stockholders." See D.C., 76 F.Supp. 426, 442, and the court's order of February 27, 1948 effecting the ruling of its opinion. No further bond was required or was given. No order respecting the giving of a bond was made.

The defendants appealed to this court from the order of the court below of February 27 granting the preliminary injunction, from that of February 24 denying the defendants' motion to dismiss the complaint, and from the order of February 16 granting the plaintiff's motion to dismiss the action as to Kissel. The orders appealed from indicate the present scope of the review before this court. What transpired thereafter need not be narrated in detail herein. It is sufficient to say that the stockholders' meeting has long since been held and it is agreed by the parties that the questions presented by the appeal have become moot save as to the liability of the plaintiff under the bond.

---

[1] Emphasis added.

[2] See p. 27 transcript of the hearing of February 16, 1948.

■ No question concerning the liability of the plaintiff under the temporary restraining order bond is presently before this court. No bond other than that required by the temporary restraining order was ever given in the instant case. That bond was conditioned on it being " * * * finally determined that the Plaintiff was not justly entitled to the temporary restraining order." The liability under a bond given pursuant to a temporary restraining order cannot be carried over to cover possible liability under a preliminary injunction. Cf. Houghton v. Meyer, 208 U.S. 149, 155-159, 28 S.Ct. 234, 52 L.Ed. 432.

■ Whether or not the plaintiff is liable on the temporary restraining order bond is an issue to be determined by the court below pursuant to Rule 65(c), Federal Rules of Civil Procedure, 28 U.S.C.A., according to the procedure prescribed therein.

The instant appeal will be dismissed as moot.