John J. CURTIN, individually, and as President of Alliance of Independent Telephone Unions, a voluntary unincorporated labor organization, 91 Halsey Street, Newark 2, New Jersey, Plaintiff,

v.

AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant.

United States District Court
S. D. New York.
March 24, 1954.

Mayer, Weiner & Mayer, New York City, for plaintiff. Henry Mayer, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant. Ralph M. Carson and George M. Brownell, New York City, of counsel.

KNOX, Chief Judge.

■ It is my considered judgment that the injunctive relief that is here sought by plaintiff's motion of March 10, 1954, and made in the above entitled action, should be denied.

If my decision were to be otherwise, the defendant's annual meeting of its stockholders, which is now set for April 21, 1954, could not be held. This would seriously upset pending plans and purposes of one of the world's largest corporations. The Company would also be burdened by resulting liabilities that are estimated to be in the neighborhood of $100,000. Moreover, confusion, uncertainty and even anxiety would probably disturb thousands of the stockholders of the defendant.

These consequences, unless for weighty reasons, should not come into being at the behest of the owner of a single share of defendant's corporate stock. Such reasons, I feel, are presently absent.

In addition to the above considerations, an injunction such as is asked would, in effect, nullify an interpretation of the rules of the Securities Exchange Commission, which was made by that organization after full consideration of the matters herein involved.

Under present day conditions in the field of corporate activities, pension plans and amendments thereof, have become commonplace. If my views in this respect represent an actuality, it cannot fairly be said that the interpretation by the Commission concerning one of its recently promulgated rules is clearly erroneous.

This means that, under many decided cases, I should refrain from granting the relief now asked.

■ Furthermore, I have difficulty in seeing how the course of action now being pursued by defendant can subject

the plaintiff to irreparable harm and damage. The main desire of the plaintiff, as I understand his contention, is not to preserve the properties and assets of the defendant, but is designed to enable him to gain the support of other stockholders in furtherance of his hope that, thereby, the pensioners of the defendant will be benefited. As a matter of fact, no individual pensioner is now before the Court. Also, the rights of pensioners are matters that primarily are the responsibility and concern of the corporate management and its directors rather than that of its stockholders.

For the reasons specified, the motion of plaintiff will be denied.