Thomas E. HAND, Jr., et al., Appellants,

v.

STATE of Texas ex rel. Raymond T. YELKIN et al., Appellees.

No. 13637.

Court of Civil Appeals of Texas.

Houston.

April 14, 1960.

Rehearing Denied May 5, 1960.

Bell & Singleton, Charles W. Bell, John V. Singleton, Jr., Butler, Binion, Rice & Cook, Jack Binion, Quinnan H. Hodges, Fletcher H. Etheridge, Houston, Hart & Hart, James P. Hart, Austin, on motion for rehearing, for appellant.

Joseph G. Resweber, County Atty., Barrow, Bland & Rehmet, David Bland, Houston, M. K. Woodward, Graves, Dougherty & Gee, Robert J. Hearon, Jr., J. Chrys Dougherty, Austin, for appellee.

WERLEIN, Justice.

This is an appeal from an order of the District Court of Harris County granting a temporary injunction ancillary to a pending quo warranto suit to determine relators' (appellees') title to the offices of directors of Columbia General Life Insurance Com-

pany. Prior to the filing of appellees' first and second supplemental petitions praying for an injunction, the trial court sustained appellants' plea to the jurisdiction and motion to dismiss filed in the main suit. The trial court's judgment was reversed and the case remanded. See State ex rel. Yelkin v. Hand, Tex.Civ.App., 331 S.W.2d 789, writ ref. n. r. e., hereinafter referred to as State v. Hand.

While the former appeal was pending, the relators filed in this Court a motion for leave to file an original application for injunction, which motion was denied on the ground of want of jurisdiction. Thereafter on January 23, 1960, appellees herein sought in the Supreme Court a writ of mandamus directing this Court to take jurisdiction and then to act in its discretion on the injunction application. The Supreme Court denied the relief sought. We do not think the action of either court in such connection is of any significance insofar as this appeal is concerned.

While the case was pending in the Supreme Court on applications for writs of error, appellees sought and the Supreme Court granted a temporary injunction against appellants restraining them from holding any election of corporate officers or directors of Columbia General Life Insurance Company, pending a final determination of such applications. Thereafter, on March 4, 1960, the Supreme Court, 333 S.W.2d 109, denied both appellants' and appellees' applications for writs of error in said cause, finding no reversible error in the action of this Court on the plea to the jurisdiction and motion to dismiss, and in the same order used this significant language:

"In view of the emergency circumstances disclosed by the record, no motions for rehearing will be entertained. The trial court may take such action in the premises to protect the rights of all parties as it may deem advisable. The temporary stay order heretofore issued by us is dissolved."

Pending said proceedings in the Supreme Court, other stockholders of the company, not parties to the quo warranto proceedings, filed an application with the Commissioner of Insurance for the purpose of enjoining the election of directors and officers on March 8, 1960, which was the second Tuesday in March, the statutory date for such election. The Commissioner held he was without authority to grant the relief sought, and his ruling was affirmed on appeal by the State Board of Insurance. No appeal was taken from such order of the State Board.

After the action of the Supreme Court on March 4, 1960, appellees, the next day, filed their second supplemental petition in the trial court asking for a temporary restraining order pending hearing on their first and second supplemental petitions, and praying that upon hearing a temporary injunction be issued enjoining appellants from holding or causing to be held any election of corporate directors of said company. The court granted a temporary restraining order and upon hearing granted the temporary injunction, from which this appeal is taken.

Appellants assert that the trial court had no jurisdiction to enjoin the election of directors of said company for the reason that the power to do so is exclusively within the primary jurisdiction of the Commissioner of Insurance and the State Board of Insurance, and because Article 3.63 of the Insurance Code of the State of Texas prohibits any person other than the State Board of Insurance from bringing or maintaining any action for the enjoining, restraining or interfering with the prosecution of the business of an insurance company. They cite Article 1.10 of the Insurance Code, V.A.T.S., defining the duties of the State Board of Insurance and providing among other duties that it "1. Shall Execute the Laws.—See that all laws respecting insurance and insurance companies are faithfully executed."

They also rely on Article 1.09(a) providing that the Commissioner of Insurance

shall be charged with the primary responsibility of administering and enforcing and carrying out the provisions of the Insurance Code under the supervision of the Board; and on Section 4, Article 3.04, providing:

"* * * The board of directors so elected shall serve until the second Tuesday in March thereafter, on which date, annually thereafter, there shall be held a meeting of the stockholders at the home office, and a board of directors elected for the ensuing year."

They base their contention also upon Article 3.63 of the Code, which provides:

"* * * No action shall be brought or maintained by any person other than the Board of Insurance Commissioners for the enjoining, restraining or interfering with the prosecution of the business of the company."

In State v. Hand, supra, this Court held that there was a distinction between election contests and proceedings brought by private individuals to remove officers or directors because of want of competence, fitness, reputation or because of malfeasance in office, and that where the action was brought merely to determine the title to the office of director, where such determination depended solely upon the validity of the election, the Commissioner of Insurance and State Board of Insurance did not have primary jurisdiction but that a quo warranto suit was the proper proceeding. It also held that the prosecution of the quo warranto suit did not interfere with the prosecution of the business of the company.

Appellants rely on Kavanaugh v. Underwriters Life Insurance Co., Tex.Civ.App., 231 S.W.2d 753, writ ref. In the opinion of this Court in State v. Hand, supra, the Kavanaugh case was distinguished. We think the distinction is also applicable in this appeal from the court's judgment granting the temporary injunction. State v. Hand was not brought to remove directors because of mismanagement or wrongdoing but to remove them because they were not properly elected, and hence not directors at all. The Commissioner of Insurance and Board of Insurance have broad powers in administrative matters pertaining to insurance companies. However, in a case involving title to office of a director, as heretofore stated, action may be brought initially in the court. The ancillary injunction granted is merely an incident to the main suit. Its purpose is to maintain the status quo until the principal suit can be tried on its merits.

■ At the time the Supreme Court granted the temporary injunction restraining appellants from holding any election of corporate officers and directors of the company, pending a final determination of said applications for writs of error, it had before it the opinion of this Court in State v. Hand, and must necessarily have known that there was a question as to whether or not primary jurisdiction was in the Commissioner of Insurance and State Board of Insurance as asserted by appellants. If it was not additionally informed of that fact by appellees' application for temporary injunction filed in the Supreme Court, it was unquestionably so advised by appellants' motion to dissolve the injunction it had granted. It did not dissolve the injunction or stay-order, however, until it had acted upon said applications for writs of error. In its order refusing, no reversible error, both appellants' and appellees' applications, the Supreme Court, being fully advised as aforesaid, stated that the trial court could take such action in the premises to protect the rights of all parties as it may deem advisable. From the Supreme Court's action in granting the temporary injunction and in keeping it in force until it had passed upon both applications for writs of error, we must necessarily conclude that the Court was of the opinion that an injunction was an appropriate remedy to protect its jurisdiction while the applications for writs were there pending, even though such injunction might result

in postponing the stockholders' annual meeting and election of directors beyond the second Tuesday in March, the date designated therefor in the Insurance Code and also in the Company's by-laws.

We think that the Supreme Court's order, in view of it having granted an injunction staying the election, strongly sanctions the appropriateness of the trial court's action in granting the temporary injunction under the facts of this case. Indeed, it seems clear that both the Supreme Court and the District Court have the power and jurisdiction to grant relief by ancillary injunction when necessary to preserve the status quo between the parties pending their respective actions. The District Court, being a court of general jurisdiction, has broader powers than the appellate courts to grant extraordinary relief.

■■ We do not think Article 3.63 of the Insurance Code providing that no action shall be brought or maintained by any person other than the Board of Insurance Commissioners for the enjoining, restraining or interfering with the prosecution of the business of the company is applicable to this appeal. Neither the principal suit nor the ancillary injunction was brought for the purpose of enjoining, restraining or interfering with the prosecution of the business of the company. Indeed, the temporary injunction order expressly decrees that the clerk of the court shall issue a temporary injunction operative until and pending the entry of final judgment on the merits of the cause, restraining and enjoining the appellees (relators) from interfering, directly or indirectly, with the normal operations and conduct of the business of the company. We think that the word "business" as used in Article 3.63 of the Code has reference to business that the company is chartered to perform. There is nothing in the injunction order that will prevent the company from performing its usual and customary business. The same directors and officers who have been conducting the business of the corporation may continue

to do so without interruption or interference until the case is heard on its merits.

■ We do not agree with appellants' contention that the trial court had no jurisdiction to enjoin the election because an application to enjoin the same had been made previously to the Commissioner of Insurance and State Board of Insurance by parties other than appellees and no appeal had been taken from their action. It is apparent that the Supreme Court did not consider such fact a deterrent to its action in granting a temporary injunction in protection of its jurisdiction. In State v. Hand, supra, this Court held that the question of whether appellants or appellees had the legal title to the offices involved, was one of law. The temporary injunction merely maintains the status quo until that question can be decided. It was granted upon supplemental petitions filed in the main case and not in connection with any appeal from a decision of the State Board of Insurance under Article 1.04 of the Insurance Code relied upon by appellants, which confers jurisdiction on the District Court of Travis County of appeals from the State Board.

■ Appellants complain that the Court erred in holding that the Insurance Company is not a necessary or indispensable party to this proceeding. We find it unnecessary to discuss this Point other than to say that State v. Hand, supra, adequately answers similar contentions and arguments advanced by appellants in the main suit. The same ruling is applicable to this proceeding which is merely ancillary and incidental thereto.

■ Appellants also contend that the trial court erred in granting the temporary injunction on March 11, 1960 for the reason that the main suit became moot on March 8, 1960. Their contention is based upon Section 4 of Article 3.04 of the Insurance Code, supra. Said Article was amended in 1957 by the Legislature adding immediately following the provision herein-

above set out the sentence, "If the stock-holders fail to elect directors at any such annual meeting, directors may be elected at a special meeting of the stockholders called for that purpose." Such provision contemplates that there might be reasons for not holding the election on the second Tuesday in March.

Appellants cite a number of cases holding in effect that a quo warranto or other suit for the title to an elective public office be-comes moot and must be dismissed when the term for which the parties claim to have been elected expires. We think such cases are inapplicable to the instant case. No case is cited having to do with the elec-tion of officers in a private corporation. It is true that in State v. Hand, supra, this Court made no distinction between public offices and private corporate offices with respect to the title to such offices being a property right. We think, however, that there is a sound distinction between public offices and private offices with respect to the issue of mootness. Article XVI, Sec. 17, of the Texas Constitution, Vernon's Ann.St. provides:

"All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

Article 2.32 of the Texas Business Cor-poration Act, V.A.T.S. provides:

"Unless removed in accordance with provisions of the bylaws, each director shall hold office for the term for which he is elected and until his successor shall have been elected and qualified."

The two provisions are substantially dif-ferent. The public officer does not hold, in the sense of ownership, his office after his term of office to which he has been elected expires, although he continues to perform the duties of such office for the public good. The officer in the private cor-poration, however, not only performs the duties of his office, but he actually holds office not only for the term to which he had

been elected but until his successor shall have been duly elected and qualified.

■ There is this further distinction that a court of equity is not authorized to re-strain or interfere with the holding of an election for public office (15–B Tex.Jur. 594, Elections § 203, and authorities cited), whereas the holding of an election in a pri-vate corporation is a matter of private right and subject to supervision by the court. See Steinberg v. American Bantam Car Co., D.C.W.D.Pa.1948, 76 F.Supp. 426, appeal dismissed 3 Cir., 1949, 173 F.2d 179.

Moreover, practically the same argument of mootness was made before the Supreme Court by appellants in their motion to dis-solve the injunction there granted, and also in their supporting brief. The Supreme Court by implication found against such contention when in its order refusing, n. r. e., the applications for writs of error and dissolving the injunction, it authorized the trial court to take such action as it deemed advisable in the premises to protect the rights of all parties. We think it reason-ably inferable that when the Supreme Court granted the temporary injunction, it did not know positively that it would be in a position to pass upon the applications for writs of error and dissolve its injunction prior to March 8, 1960.

Surely it cannot be said that the com-pany has had no directors since March 8, 1960. If appellants were duly and properly elected directors and officers, they still hold such offices and will continue to do so until a new board is elected. If they were not so elected, then appellees are the de jure di-rectors and entitled to hold office until their successors are elected. In Vogtman v. Merchants Mortgage & Credit Co., 1935, 20 Del.Ch. 364, 178 A. 99, 104, the court said:

"The bill prays that the court deter-mine who are the directors and officers of the corporation. Inasmuch as the two meetings above referred to re-sulted in no election, it follows that the

officers and directors who were in office by lawful election prior to the 1933 meetings continue to be officers and directors until their successors are duly elected and qualified."

We think the rule so enunciated is applicable here, and that the main suit did not become moot automatically on March 8, 1960.

█ In determining whether the trial court erred in granting the temporary injunction appealed from, the question to be decided is whether the court abused its discretion. 24-A Tex.Jur. 382, Injunctions, § 265; Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, writ ref., n. r. e.; Scott v. Graham, Tex.Civ.App., 283 S.W.2d 443, affirmed 156 Tex. 97, 292 S.W.2d 324; Bank of Southwest National Ass'n v. La Gasse, Tex.Civ. App.1959, 321 S.W.2d 101, no writ; Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964.

In City of Houston v. Southwestern Bell Tel. Co., 263 S.W.2d 169, 171, 1953, error ref., this Court said:

"Our review is limited to the determination of whether there is some evidence of a substantial and probative character to support the findings of the trial court. If such evidence is in the record, the findings of the trial court control. Only where no such evidence exists can this or any other appellate court hold that the trial court abused its discretion."

█ The trial court had the duty to maintain the status quo as distinguished from the adjudication of the merits of the case upon a final hearing. In Gill v. Hudspeth County Conservation & Reclamation Dist. No. 1, Tex.Civ.App., 88 S.W. 2d 517, 519, the court stated:

"The status quo, as the term is used in injunction suits, means 'the last actual, peaceable, noncontested status of the parties to the controversy, which

preceded the pending suit, and which should be preserved until a final decree can be entered.' City of Farmersville v. Texas-Louisiana Power Co., Tex. Civ.App., 33 S.W.2d 272, 275."

The court stated with reference to the discretion to be exercised by the trial court:

"Such discretion exists where the temporary injunction serves to maintain the status quo until final trial, in which case such discretion should be exercised in favor of the writ."

In Wortham Independent School Dist. v. State ex rel. Fairfield Consolidated Independent School Dist., Tex.Civ.App., 244 S.W.2d 838, error ref., n. r. e., the court issued an order of injunction ancillary to a quo warranto suit to protect the status quo pending a determination of the merits of the quo warranto proceeding. See also Ware v. Welch, Tex.Civ.App.1912, 149 S.W. 263, no writ; Callaghan v. Tobin, 40 Tex.Civ. App. 441, 90 S.W. 328, 1905, writ ref.; Davis v. Turner, Tex.Civ.App.1940, 145 S.W.2d 258, no writ; Temple Independent School Dist. v. Proctor, Tex.Civ.App.1936, 97 S.W.2d 1047, error ref.; Hyatt v. Mercury Life & Health Co., Tex.Civ.App., 1947, 202 S.W.2d 320, ref., n. r. e.; 21 C.J.S. Courts § 88, p. 136.

In Needham v. Arno Co-op. Irr. Co., Tex. Civ.App.1917, 196 S.W. 887, error ref., it was held that a district court had jurisdiction to enjoin a special stockholders' election while the main controversy was on appeal in the Supreme Court, where the action indicated or threatened would tend to render any judgment finally entered ineffectual.

In the present case appellants, whether rightly or wrongly, have been acting as the directors and officers of the company. The temporary injunction granted by the trial court restrains appellees from interfering directly or indirectly with the normal operations and conduct of the business of the company. It preserves temporarily the right of the appellants to conduct the corporate business without interruption or in-

terference until the case is heard on its merits. It thus maintains the status quo existing at the time the suit was brought. If the injunction had not been granted, appellants would have been free to elect another board of directors and thereby destroy the status quo and render the principal cause moot.

■ Appellants assert that the court erred in granting the temporary injunction for the reason that it deprives the majority stockholders of their statutory right to elect the directors at the time and place and in the manner prescribed by statute. The cases cited by appellants are inapplicable to the factual situation existing in this case. In Lucas v. Milliken, C.C.D.S.C.1905, 139 F. 816, 836, the court stated in effect that the object of the suit was to determine the right of property in certain stock held by the defendants, and that until such right was decided adversely to them, they were entitled to the possession thereof with the right to vote the same. The effect of the injunction was also to deprive them of other stock, the title to which was not disputed, thereby to all intents and purposes tying the hands of the defendants as completely as would be the case if there had been a final decision against them on the merits, since they were as effectively deprived of their shares of stock as if the same had been actually sequestered. The court then stated:

> "The case would be different if the election had been enjoined until the question of the right to vote the disputed stock could be heard. In such case the old administration would have held over until defendants had a hearing."

It is appellants' contention that the injunction results in injury to other stockholders by depriving them of the right to vote their stock. The effect of the temporary injunction granted in this case is not to deprive anyone of the right to vote his own stock. The injunction merely postpones the election until such time as the case can be tried on its merits and a special meeting for the election of directors be called by the parties who may show themselves entitled to the offices of directors. Appellants have cited a number of other cases which are factually distinguishable from the instant suit and inapplicable to questions involved herein. In such cases the degree of inconvenience to third persons was greatly disproportionate to the benefit to be obtained by the granting of the injunction. For example, in Curtin v. American Tel. & Tel. Co., D.C.N.Y.1954, 124 F.Supp. 197, a lone stockholder who had objections to a proposed pension plan, sought to enjoin an annual meeting of the stockholders of A. T. & T., which if enjoined might result in a cost to the company of $100,000 in getting out new proxies, etc. No such situation exists in the instant case.

■ Appellants complain that the trial court erred in granting the temporary injunction for the reason there is no evidence that appellees did not have an adequate remedy at law or that they would suffer any irreparable injury or loss if the election was held, and further because they say appellees failed to state any equity or right sufficient to invoke the equity powers of the court. In this connection they rely largely upon McWhorter v. Northcutt, 1900, 24 Tex. Civ.App. 22, 57 S.W. 904, writ ref., 94 Tex. 86, 58 S.W. 720.

The McWhorter case was a suit for public office which had expired. The court held that it is the settled rule in this State not to entertain an appeal in a suit to determine the title to an office after the term of office under the law had expired. The court can only dismiss the case. The complainant may bring a separate suit for his salary and fees.

As stated hereinabove, we think the situation is different in the case of one claiming title to an office in a private corporation. It would be difficult to see how the appellees in the present case would be adequately protected by a suit to recover damages. If the offices in question carried with them certain perquisites and they were illegally deprived thereof, they might possibly recover

the same in a suit for damages. Such a suit, however, would not confer upon them the right of management and to serve as directors of the corporation until such time as an election can be called, nor the right to call the election and supervise the same.

Both appellants and appellees have briefed at length questions which more properly will arise upon a trial on the merits. Appellants argue that as a matter of law they were entitled to vote the 57,241 shares of stock of the insurance company held in trust for the corporation. Appellees just as strenuously contend that as a matter of law they, and not appellants, are the directors of the company because the shares beneficially owned by the company could not be legally voted by the trustors or any one stockholder or group of stockholders for their own benefit. They further contend that appellants have no right as de facto officers to call or participate in another election of directors pending a determination of the merits of the case, and that the election of new directors would only cause further confusion and harm, and necessitate a multiplicity of suits and discourage the use of orderly procedures of justice.

■ We find it unnecessary on this appeal to decide whether appellants or appellees are right in their respective contentions. We are not at this time called upon to determine with finality the rights of the parties to this suit. As stated in James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960:

"The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged."

■ If it were absolutely clear that appellants had the right to vote the 57,241 shares in question, and that appellees have no justification whatever as a matter of law

to dispute such right, then this Court would be warranted in holding that the trial court abused its discretion in granting the temporary injunction. The question of law in this case, however, is not that clear or well established. Under the circumstances and facts of this case, the question is one to be determined by the trial court upon the merits.

■ We think it was a matter within the sound discretion of the trial court to determine whether appellees have come into court with clean hands or whether their failure to disclose certain alleged acts of relator, Weldon J. Allen, and their alleged fraudulent solicitation of proxies were such as to deny them equitable relief. We cannot say that the trial court abused its discretion in granting the injunction notwithstanding such contentions, especially in view of hotly disputed fact issues, and the apparent maneuvering of both appellants and appellees for control of the company. Moreover, as stated in Wortham Independent School Dist. v. State, Tex.Civ.App., 244 S.W.2d 838, 841, ref., n. r. e.:

"Since the injunctive features of the suit were merely ancillary to the ultimate relief sought, we are of the opinion that the strict rules applicable to injunction suits generally are not of controlling effect in their application to this proceeding. State ex rel. City of Jasper v. Gulf States Utilities Co., Tex. Civ.App., 185 S.W.2d 501, pt. 1; Id., 144 Tex. 184, 189 S.W.2d 693."

■ Appellants also contend that the trial court abused its discretion in terminating the hearing of evidence on appellees' applications for temporary injunction and granting such injunction before appellants had any opportunity to introduce any evidence other than by cross-examination of two witnesses called by appellees. We do not think that the trial court abused its discretion, when after hearing the matter for some four days, it concluded that it had heard enough evidence for a proper exercise of discretion in the matter of granting

or refusing the temporary injunction. The court came to the conclusion from the evidence it heard, as stated in its order granting the injunction, that the injunction was necessary to maintain the status quo of the parties and to protect the subject matter of the suit and the rights of all parties until the case could be heard on its merits and final judgment entered. But, if there was error in terminating the hearing as done, we cannot say in the absence of a bill of exceptions showing what evidence would have been introduced and the materiality thereof, that the court's action was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

We cannot say that the trial court, under the circumstances of this case, abused its discretion in granting the temporary injunction. Appellees' pleadings and evidence present a case of probable right and probable injury. In such case, the trial court is clothed with broad discretion in determining whether to issue the writ, and its order will be reversed only on a showing of clear abuse of discretion. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549.

The judgment of the Trial Court is affirmed.