Philip STROUD, Appellant,

v.

**TOWN OF PECOS CITY et al., Appellees.**

No. 5727.

Court of Civil Appeals of Texas.

El Paso.

May 19, 1965.

Rehearing Denied June 16, 1965.

Walker F. Means, Barstow, Richard D. Naylor, Pecos, for appellant.

W. F. Leigh and H. D. Glover, Pecos, for appellees.

PRESLAR, Justice.

This is an appeal from an order denying appellant's application for a temporary injunction. Appellant, Philip Stroud, was the original defendant in a tax foreclosure suit brought by the Town of Pecos City, in which the Pecos Independent School District and the State and County were impleaded parties defendant. Stroud had a working arrangement with the City whereby certain work done by him would be credited on his tax bill. He filed no answer to the tax suit, but did some work for the City which he thought was enough to offset the amount of taxes claimed in the suit. The suit remained on the docket for a number of years, and default judgment was taken for the then accrued taxes of the taxing agencies involved. As to the default judgment, appellant filed an action in the nature of a bill of review, and additionally he sought to enjoin the foreclosure of the tax lien and the sale of his property thereunder. It is from the trial court's refusal of the temporary injunction phase of the case that he brings this appeal.

We affirm, for the record and statement of facts before us do not show an abuse of discretion by the trial court in refusing the temporary injunction. The rule is well established that an appellate court will not set aside an order of a trial court granting or refusing a temporary injunction unless it be established that the trial court abused its discretion in entering the order. Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235. The rights of the parties under their respective contentions are not before us for final determination, for the purpose of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Hand v. State, 335 S.W. 2d 410, ref. n. r. e., 160 Tex. 416, 337 S.W. 2d 798. In the case before us appellant, as plaintiff, sought to maintain the status quo by allegations that he had no adequate remedy at law and would suffer irreparable injury from foreclosure, pending trial on the merits, of what he termed a void or voidable judgment. His claim that the judgment was void was based on allegations that it was obtained by fraud, or in the alternative, by accident or by mistake. We have carefully reviewed the entire record, and we fail to see how appellant made out a case in support of these contentions of such strength that it can be said that the trial court abused his discretion in overruling them. On the contrary, we think the evidence is ample to support the trial court's order. This is a case where maintaining the status quo would have given the injunction claimant more than he was entitled to by allowing him relief from a judgment which the proof before us does not show to be invalid. Also, the matters complained of as "irreparable injury" are not proved to be injuries from which relief may not be had by the trial on the merits.

The order of the trial court in refusing the temporary injunction is affirmed.

For the purpose of protecting our jurisdiction, this court granted appellant's motion to restrain the Sheriff of Reeves County from proceeding with the execution sale

pending the disposition of this case on appeal. There being no necessity for the continuation of same, it is ordered and decreed that the injunction which was the subject of the per curiam opinion issuing out of this court on the 19th day of August, 1964, be, and the same is hereby dissolved.