COM. v. O'DONNEL.  APPEAL OF MASONIC HOME.  23

1898.]                    Syllabus—Arguments.

Commonwealth of Pennsylvania ex rel. William H. Henderson v. John O'Donnel. Appeal of Masonic Home of Pennsylvania.

*Corporations — Ouster — Opening judgment of ouster — Intervention of corporation.*

Where a judgment of ouster has been entered against a person claiming to be an officer of the corporation, and the corporation was not a party to the proceedings, the corporation has the right subsequently to intervene for the purpose of maintaining a rule to open the judgment of ouster.

*Practice, common pleas—Rules of court—Answer to petition for rule—Ouster—Quo warranto.*

A rule of court requiring an answer to be filed to petitions for rules applies to a petition for a rule to open a judgment of ouster in quo warranto proceedings.

*Practice, Supreme Court—Appeals—Rule to open judgment of ouster—Act of May 20, 1891.*

*It seems* that an appeal from an order discharging a rule to open a judgment of ouster is authorized by Act of May 20, 1891, P. L. 101.

Argued April 5, 1898.  Appeal, No. 111, Jan. T., 1898, by Masonic Home of Pennsylvania, from order of C. P. No. 2, Phila. Co., March T., 1898, No. 1003, discharging rule to open judgment of ouster.  Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and DEAN, JJ.  Reversed.

Petition of the Masonic Home of Pennsylvania to have the judgment of ouster in this case opened and to permit the petitioner to intervene.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order discharging rule to show cause granted on the petition.

*F. Carroll Brewster*, with him *Robert H. Hinckley*, for appellant.—Any knowledge or information acquired by the president of a corporation in the course of his official duty relating to the business of the corporation, under his control, it may be conceded, is notice to the corporation: Van Leuvan v. Bank, 6 Lansing, 373.  But such officer must have notice in his rep-

resentative character or the corporation will not be bound : Bank v. Schaumburg, 38 Mo. 228 ; Congar v. Ry., 24 Wis. 157. Notice given to such officer privately, or which he acquires from rumor, or through channels open to all alike, will not bind the corporation : Ins. Co. v. Shriver, 3 Md. Chanc. 381; Winchester v. R. R., 4 Md. 231; Miller v. R. R., 24 Barb. 314; Savings Assn. v. Printing Co., 25 Mo. App. 642.

It is contended that the corporation was entitled to formal notice of the suit to charge it with neglect in not intervening before judgment of ouster, and that it should have been made a party under the act of June 14, 1836, section 8.

*George Henderson* and *M. Hampton Todd*, for appellee.— There is no authority for opening judgments in quo warranto at the instance of a third party.

No appeal lies from this order: Pennock v. Kennedy, 153 Pa. 579.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 17, 1898 :

The proceedings which led up to this appeal was commenced by petition of the Masonic Home of Pennsylvania, setting forth the facts upon which it relied and praying leave to intervene as a party defendant in the above entitled case, in which the commonwealth, at the relation of William H. Henderson, is plaintiff and John O'Donnel is defendant, for the purpose of having "the judgment in said quo warranto opened in analogy to the proceedings in opening judgments for sums of money."

In substance, the facts averred in the petition are:

(*a*) That, in an opinion theretofore filed in said quo warranto proceeding, the court below, inter alia, said: "If it (this petitioner) was aware of the proceedings while they were pending, and they affected its right and the control of the corporation, it could have asked leave to intervene for the purpose of protecting its interests. If it was without information of these proceedings until after the judgment, it could have come before the court and set forth the facts upon which it relies, asking leave to intervene and to have the judgment opened in analogy to the proceedings in opening judgments for sums of money."

(*b*) That said Home is a corporation whose government is vested in a board of twenty-one members who are elected as managers.

(c) That petitioner was not aware of the proceedings (in said quo warranto) while they were pending, etc.

(d) That it is advised that it should have been made a party to said quo warranto suit, or should have had formal and regular notice of said proceeding. And it avers it was not made a party in said suit and did not receive any formal and regular notice or any notice whatever of said proceeding.

(e) That it has a just, true and full defense to said quo warranto . . . . ; that the said relator was not, at the election referred to by him, elected a manager of said corporation, and that he did not receive a single vote for said office.

(f) That petitioner is therefore interested in the subject-matter of the suit, and for the protection of its interests it desires to be allowed to come in as a party defendant, and to that end offers itself as ready and willing to contribute its proportion of the costs and expenses of the proceeding.

On presentation of the petition, December 8, 1897, a rule to show cause, etc., with stay of proceedings, was granted by the court below. But, notwithstanding the facts that no answer was filed or testimony taken, the rule was discharged on February 5, 1898, and thereupon this appeal was taken.

The discharge of the rule to show cause and the refusal of the court to make the same absolute are the only errors assigned. In the absence of any answer to the petition or any testimony denying the averments thereon, the latter should have been "taken as admitted." Rule 1, sec. 4, of the court below, on that subject, declares: "All averments in petitions or affidavits on which rules or citations have been granted shall be taken as admitted for the purpose of the rule or citation, unless the opposite party shall deny the same in an answer under oath to be filed in the case, or aver that he has no knowledge, information or belief on the subject, and requires proof of the same."

We are unable to see any valid reason why this rule should not have been enforced in the case at bar; and, assuming, as should have been done by the court below, that the averments contained in the petition and verified by the oath of the secretary of the Masonic Home are true, we think the appellant should have been allowed to intervene, and to that end the rule should have been made absolute.

This case was argued with two other appeals, one of which was from the judgment of ouster in the quo warranto suit above referred to, ante, p. 14; the other was from the decree in the mandamus proceeding, commanding the Masonic Home to place the name of the relator, William H. Henderson, on the roll of managers of said Home and recognize him as a duly elected manager thereof, etc., ante, p. 21. In opinions just filed the judgment in the former and the decree in the latter have been reversed, respectively. In the former the judgment of ouster, etc., is reversed on the ground that, upon the facts before the court below, it should have held that Henderson, the relator, after his nomination for election to the office of manager in the Home, became a disqualified nominee, by reason of suspension, and was ineligible to the office of manager, and so continued until after O'Donnel was duly nominated and elected; and that the action of the president of the Home in declaring the relator ineligible to election, and directing the tellers not to count any votes that might be cast for him, etc., was fully justified by the facts as they existed at the time of the election in January, 1896. The disqualifying effect of relator's suspension was not removed until after he paid the several years' dues in arrear, etc.

The reversal of the judgment of ouster, etc., finally disposes of the controlling subject of controversy, and renders a decision of the questions involved in this case of no practical importance. But, enough has been said to show that the decree was erroneous and should therefore be reversed. It is unnecessary, however, to make any order reinstating the rule to show cause.

We have no doubt the appeal in this cause is authorized by the Act of May 20, 1891, P. L. 101.

The decree of February 5, 1898 discharging the rule to show cause, etc., is reversed and set side, and it is ordered that the costs be paid by the relator, William H. Henderson.