McLEOD INDEPENDENT SCHOOL DIST.
et al. v. KILDARE INDEPENDENT
SCHOOL DIST.

No. 5840.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 6, 1941.

Rehearing Denied Dec. 4, 1941.

Carney & Carney and Tom J. Mays, all of Atlanta, and B. S. Cameron, of Linden, for appellant.

Newland, Cornett & Whitworth, of Linden, for appellee.

JOHNSON, Chief Justice.

This is a quo warranto proceeding in the name of the State of Texas instituted by the County Attorney of Cass County on relation of Kildare Independent School District of said county against the McLeod Independent School District, the County Board of School Trustees and the County Superintendent of Cass County. The primary purpose of the suit is to determine whether or not said McLeod Independent School District (hereafter referred to as respondent) was acting without lawful authority in levying, assessing and collecting taxes on the land described in relator's petition, and located in that part of the "lower" Robert Trammell Survey, lying West of Frazier Creek in Cass County. The Kildare Independent School District

(hereafter referred to as relator) claimed that Frazier Creek was the common boundary line between relator to the West and respondent to the East of said creek, and that respondent had usurped jurisdiction over and was unlawfully levying, assessing and collecting taxes on said land.

Trial before the court without a jury resulted in a judgment for relator, ousting respondent, declaring Frazier Creek to be the common boundary line between relator and respondent, and that the disputed territory is within relator district and without the boundaries of respondent district, declaring relator entitled to levy, assess and collect taxes thereon and restraining respondent from further exercising said jurisdiction over same and that its attempts to levy such taxes since April 7, 1937, were void. The court filed his findings of fact and conclusions of law. The respondent has appealed.

It appears that Cass County was first divided into common school districts in 1903 by an order of the Commissioners' Court naming and describing the boundaries of such districts. Frazier Creek was described as the boundary line between Common School District No. 2 lying to the West and Common School District No. 12 to the East of said creek. Relator, Kildare Independent School District, comprises the territory formerly contained in Common School District No. 2. Respondent, McLeod Independent School District, comprises the territory formerly contained in Common School District No. 12. Subsequent to 1903 and prior to the time relator and respondent were created as independent school districts, the territory comprising said Common School Districts No. 2 and No. 12 had been subdivided by carving smaller common school districts therefrom, some of which were later consolidated. Wiggins Common School District was carved out of the western portion of Common School District No. 12 in 1909. Lewis Common School District No. 26 was carved out of the eastern portion of Common School District No. 2 in 1919. The East line of said Lewis district was in part described as follows:

"Thence N. with E. line of same (Fishback Survey) 2460 vrs. a stake on the S. bank of Frazier's Creek;

"Thence in a S. E. direction with the meanderings of said Creek crossing the E. line of the Jas. Taylor Sur. at 5000 vrs. and crossing the S. line of the Robt. Trammell and the N. line of the Jas. Davenport at 5650 vrs., continuing S. E. with said Creek crossing the S. line of said Jas. Davenport Sur. at 6650 vrs. continuing S. E. through the S. E. I. W. Co. No. 2 9700 vrs. in all to a stake at the middle N. E. cor. of the Hugh Owen sur. on the W. bank of Fraziers Creek;

"Thence in a S. W. course with the meanderings of said Creek at 1200 vrs. pass the N. E. cor. of the Chas Ames 407 acres sur. continuing S. W. with said Creek 2600 vrs. to the S. line of Cass County, and N. line of Marion County, a stake on said line, on the W. bank of said Frazier's Creek;"

In 1926 the County Board of School Trustees redefined the field notes of said Wiggins district, the West boundary line of which was described in said redefining order as crossing to the West of Frazier Creek, and covers the Southwest corner of the lower Robert Trammell survey lying West of Frazier Creek, same being the land in controversy.

Relator contends that the order redefining the boundaries of said Wiggins district in so far as it describes land in the Southwest corner of the lower Robert Trammell survey, lying West of Frazier Creek, was void and ineffective to detach such land from the Lewis district and attach it to the Wiggins district, if such was meant to be effected by the order, because the order was entered without notice or hearing on the part of the Lewis district or without adjustment of its bonded indebtedness.

By its 1st and 2d propositions respondent (appellant) contends that the trial court erred in construing the field notes (above copied) describing the West boundary line of the Lewis district as intending to meander or run with Frazier Creek at the point in controversy; and in not construing the call extending from the point where said creek crosses the South boundary line of the James Davenport survey to the middle Northeast corner of the Hugh Owens survey as meaning to call for a straight Southeast course without reference to the creek; and by its 3rd proposition respondent contends that should it be conceded that the land was covered by the field notes of the Lewis district, and that the order of 1926 redefining the boundaries of Wiggins district was void at the time of its entry, that said order notwithstanding such facts was made legal by a subse-

quent validating act (1935) of the Legislature, now shown as Article 2815g-8, Vernon's Civil Statutes. The contentions raised by appellants' said propositions Nos. 1, 2 and 3 present no issue against the validity of the judgment rendered by the trial court, or of any importance in disposition of the appeal, for the following reasons: The order creating relator, Kildare Independent School District, entered April 6, 1937, sets out the metes and bounds of its territory, describing Frazier Creek as constituting its East boundary line, the field notes of which, in so far as here material, read as follows:

"Thence in a S. E. direction with the meanderings of said creek crossing the E. line of James Taylor Survey at 5000 vrs. and crossing the N. line of the James Davenport and the West and South line of the lower Robert Trammell Survey continuing SE with said creek through the S. F. I. W. Co. No. 2, 9700 vrs. in all to a stake at the middle NEC of the Hugh Owen Survey on the West bank of Frazier Creek;

"Thence in a S. W. course with the meanderings of said creek at 1200 vrs. pass the NEC of the Charles Ames 407 acre survey continuing S. W. with said creek 2500 vrs. to the S. line of Cass County and the N. line of Marion County, a stake on said line on the W. Bank of Frazier Creek;"

The order creating respondent, McLeod Independent School District, entered May 25, 1937, sets out the metes and bounds of its territory, describing Frazier Creek as constituting its West boundary line, the field notes of which, in so far as here material read as follows:

"Thence S. with said line 11295 vrs. to the S. E. corner of Cass County;

"Thence W. with the Cass-Marion County line 8750 vrs. a stake in the middle of the Fraziers Creek;

"Thence in a north-westerly direction with the middle of said creek 5150 vrs. a stake in the S. line of the James Davenport Survey;"

Thus it is seen that the orders creating relator and respondent describe the meanders of Frazier Creek as constituting the common boundary line between them. No attack is made upon the validity of such orders, and none would be available if made, since their validity was concluded by a subsequent validating act of the Legislature, now known as Article 2815g-12, Vernon's Texas Civil Statutes. The conclusion above reached also disposes of appellants' propositions No. 4 and No. 5.

■ By its 6th proposition, appellant contends that the court was without jurisdiction to render judgment restraining appellant from further attempting to levy, assess and collect taxes on the disputed territory; the contention being that the only judgment which the court had jurisdiction to render in this, a quo warranto proceeding, was the "one of ouster of respondent from the privilege of levying, and assessing and collecting taxes on the disputed territory, as provided by Article 6257, Vernon's Texas Civil Statutes." The restraining order expressed no more than the judgment of ouster otherwise implied; and therefore, if necessary, the expression of such restraining order could be treated as surplusage. It added nothing to the judgment of ouster, except as it may form a basis of contempt proceedings, through which such judgments of ouster are enforced. The judgment itself implied as much, without the restraining order being expressed, since the established remedy of enforcing such ouster judgments is through proceedings as for contempt of court. Crain v. Adams, Tex.Civ.App., 120 S.W.2d 290, and authorities there cited.

■ By its 7th proposition respondent asserts that this suit can not be maintained in quo warranto proceedings, because it involves a question of the location upon the ground of the boundary line between said school districts, and for that reason the trial court erred in not sustaining respondents' special exceptions 3 and 4 to relator's petition. The fact that the question of where upon the ground respondents' true boundary lay was necessary to be determined in order to adjudicate the matter of whether respondent was unlawfully exercising the taxing powers charged against it, did not oust the district court of its jurisdiction to hear the matters presented by the quo warranto petition or information. Quo warranto appears to be the approved proceedings in matters of the nature here presented for adjudication. State ex rel. Board of School Trustees of Union Hill I. S. D. v. Bradshaw, Tex.Civ.App., 228 S.W. 655; Crain v. Adams, supra.

■ By its 8th proposition respondent contends that the trial court erred in not sustaining its exception to the petition based upon the alleged ground that it was

not supported by proper affidavit. The petition was signed by the county attorney and by Newland, Cornett & Whitworth, attorneys. B. F. Whitworth, one of the attorneys of record for relator, made affidavit to the petition as follows:

"Before me, the undersigned authority, on this day personally appeared B. F. Whitworth, to me well known, who, being duly sworn, says that the facts and statements contained in the foregoing petition are true and correct.

"B. F. Whitworth.

"Subscribed and sworn to before me this the 12th day of October, A. D. 1939.

"Eva Autry.

"Notary Public, Cass County, Texas."

The order of the court granting leave to file the petition contains the following: " * * * said petition filed by and through Parks E. McMichael, County Attorney of Cass County, and the Court being satisfied that there is a probable ground for the proceeding, it is therefore ordered, adjudged and decreed by the Court that leave to file the information in the nature of Quo Warranto is hereby granted * * *." The affidavit having been made by an attorney of record for relator, and having stated that the facts and statements therein contained were true and correct, and the trial judge to whom it was presented having found that there was probable ground for the proceeding and thereupon having granted leave for it to be filed, we do not think any reversible error was committed in refusing to strike the petition. R. C. S. Article 24; Hunnicutt v. State, 75 Tex. 233, 12 S.W. 106.

By its 9th proposition respondent contends that the trial court erred in overruling its plea in abatement, because the matters sought to be adjudicated had not been presented to and passed upon by the County Superintendent, the County Board of School Trustees, the State Superintendent, and the State Board of Education, which, respondent contends, was a condition precedent to the right to invoke the jurisdiction of the district court. The contention is not sustained. The matters which the proceedings here presented for adjudication involved alleged void acts of respondent in exercising taxing power over territory outside the boundaries of its district. In State Line Consolidated Dist No. 6 of Parmer County v. Farwell I. S. D., Tex.Com.App., 48 S.W.2d 616, 617, it is held: " * * * when a school board acts without authority of law and contrary to express statute, and in such a manner that its act is void, then the courts of the land may be appealed to directly without first exhausting the remedy of appeal through the school authorities. County School Trustees of Jackson County v. Edna Independent School District (Tex.Com. App.) 34 S.W.2d 860; Brockman v. Echols (Tex.Civ.App.) 22 S.W.2d 686; Collin County School Trustees v. Stiff (Tex.Civ.App.), 190 S.W. 216 (writ refused); Freeport Independent School District v. Common School District, 115 Tex. 133, 277 S.W. 97; Henderson v. Miller, (Tex.Civ.App.) 286 S.W. 501 (writ refused)."

The judgment of the trial court will be affirmed.