Siranovich et al., *v.* Butkovich (et al., Appellant).

Argued October 5, 1950. Before DREW, C. J., STERN, STEARNE, JONES and CHIDSEY, JJ.

*David Olbum,* with him *Sylvan Libson,* for appellant.

*Samuel J. Margiotti,* with him *Margiotti & Casey,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, November 20, 1950:

The Croatian Fraternal Union of America, appellant, a fraternal benefit society incorporated under the laws of the Commonwealth of Pennsylvania, with principal offices at Pittsburgh, appeals from the order of the court below dropping it as a defendant in a quo warranto proceeding. The court below made absolute a rule to show cause, *inter alia,* why the corporation should not be dropped as a defendant, holding that it "is not involved to the point that it needs to be a party in the litigation . . .".

The present action is one phase of litigation involving the right of certain elected officers to hold their respective offices. The matter originated as a bill in equity brought by two members of the Union, not officers, who challenged the validity of the September, 1947 election and sought to prevent newly elected officers from taking over management of the corporation, and to maintain control in the then incumbents until a judicial determination as to who were the proper officers. The corporation and both the old and newly elected officers were made party defendants. An injunction issued November 13, 1947, and was dissolved December 19, 1947, and the matter certified to the law side of the court to be tried as an action in quo warranto. This certification was affirmed on appeal by this Court on April 22, 1948, in *Siranovich v. Butkovich,* 359 Pa. 134, 58 A. 2d 461, opinion by the late Justice Patterson, and the record remitted for further proceedings.

Pending that appeal to this Court, plaintiffs filed an amended bill making the original bill and amendments thereto their suggestion in quo warranto, requesting relief against defendants, the newly elected officials and the corporation. The prayer for relief against the corporation was that it be made to answer by what authority it "permits and allows" the individual defendants "to have and use and enjoy the respective offices of the Croatian Fraternal Union of America". The court below, on May 4, 1948, sustained preliminary objections to certain clauses of the complaint, striking them from the record and directing plaintiffs to make more specific certain allegations of paragraph 14.

Five of the old officers and defendants in the original action, on September 12, 1949, filed the instant petition for a rule upon the remaining defendants to show cause (1) why the petitioners should not be

dropped as party defendants and joined as relators or party plaintiffs, (2) why the Croatian Fraternal Union of America, appellant, should not be dropped as a party defendant, and (3) why the Commonwealth of Pennsylvania should not be added as a party. A rule issued and appellant and the newly elected officers, defendants, filed an answer denying material allegations contained in the petition. As regards the status of the corporation as a proper party, the answer averred, *inter alia,* that: (1) The Union has an interest in avoiding disruption of its affairs consequent upon the ouster of its officers through whose functioning it exists; (2) if the challenged election is declared invalid, a new election would be required under Sections 13 and 14 of the Act of 1840, P.L. 319, 12 PS §§2040, 2041, with resultant destructive expenses attendant upon administration of its business by court-appointed trustees pending the holding of a special election; (3) the Union would be prejudiced in a suit presently pending by it against the surety on the injunction bond given by the original plaintiffs in the equity action; and (4) there was no concurrence by or notice to the original plaintiffs as required by Rule 2232(b) of the Pennsylvania Rules of Civil Procedure. The matter was argued before the court *en banc* on petition and answer and an order entered removing the petitioners as party defendants and joining them as relators, adding the Commonwealth of Pennsylvania as a party plaintiff, and, removing the corporation as a party defendant. This appeal relates only to the order insofar as it directed removal of the Union as a party defendant.

The pivotal issue is whether the corporation has an interest legally sufficient to constitute it a proper party to an action in which validity of an election of its officers is challenged. This Court is of opinion that it does.

The matter being before the Court on bill and answer, the averments of the petition not properly denied by the answer, and all responsive averments in the answer not denied, are to be considered admitted: *Vallish v. Rapoport*, 364 Pa. 25, 70 A. 2d 616; *Kelly v. International Clay Products Co.*, 291 Pa. 383, 140 A. 143; Rule 209, Pennsylvania Rules of Civil Procedure. Thus considered, the pleadings establish that the questioned election was for the filling of twenty-five offices of the corporation which included the offices of supreme president, supreme vice-president, supreme secretary, supreme treasurer, members of the supreme board of directors of the high trial board, counselor, Croatian and English editors of the official organ of the Union, director of the children's home of the other responsible positions. The newly elected officers have been serving since January 5, 1948. Counsel for appellant in his brief, and at the time of oral argument before this Court, made the unchallenged statement that the corporation is composed of several hundred lodges in 26 states and 6 provinces in Canada with a membership of over 100,000. The Union which pays sick, accident, disability and death benefits, possesses assets in excess of $15,000,000.

The interest of the corporation is the interest of its members. The corporation has liabilities arising out of its legally enforceable responsibility to permit its affairs to be administered only by properly elected officials and upon a judgment of ouster in a quo warranto proceeding to oust usurpers and seat only those entitled to office. Clearly, ouster of practically the entire administration of this far-flung organization would cause a definite disruption in its affairs. In these circumstances, it appears clear that the corporation has such an interest legally sufficient to have it constituted a proper party at the inception of the proceedings and its continuation as such; its rights and

liabilities are affected by a question of law and fact common to all of the parties to the action, *viz.*, validity of the challenged election. In *Commonwealth ex rel. Henderson v. O'Donnel. Appeal of Masonic Home of Pennsylvania*, 188 Pa. 23, 41 A. 344, this Court held that the Masonic Home of Pennsylvania had a right to intervene in a proceeding for the purpose of maintaining a rule to open a judgment of ouster entered against one claiming to be an officer of the corporation in which quo warranto proceedings the corporation had not been a party.

Appellees-petitioners, contending that the corporation is not a necessary or proper party defendant, rely upon statements contained in 11 Standard Pennsylvania Practice, Quo Warranto, Sections 40-41, to the effect that quo warranto proceedings to try title to office in a public or private corporation are brought against the officer whose title is in question, and no other person is a necessary or proper party defendant. The cases relied upon in support of this statement do not upon examination so hold. *Commonwealth ex rel. Attorney General v. Altoona and Phillipsburg Connecting Railroad Co.*, 15 Dist. Rep. 812, was a quo warranto proceeding brought by the Commonwealth to effect a forfeiture of the charter of a corporation. Trustees of a mortgage given by the railroad to secure its bonded indebtedness and the holders of certain of its bonds were not permitted to intervene. The Court held that the proceeding was to forfeit the corporation's franchise on account of violations of law and that validity of its bonds and mortgages was a matter for determination in a proceeding for that purpose.

*Commonwealth ex rel. Henderson v. Masonic Home*, 6 Dist. Rep. 732, is the same case which was reversed on appeal in *Commonwealth ex rel. Henderson v. O'Donnel. Appeal of Masonic Home of Pennsylvania*, supra. This Court there stated (p. 25) : ". . . assuming,

as should have been done by the court below, that the averments contained in the petition and verified by the oath of the secretary of the Masonic Home are true, we think the appellant should have been allowed to intervene, and to that end the rule should have been made absolute." Clearly, therefore, rather than supporting the text and contentions of appellees, the Appeal of Masonic Home case allowing intervention, supports appellant. Certainly, if the Home had the right to intervene it could have been a party to the action.

44 Am. Jur., Quo Warranto, Sections 80 and 84 are also relied upon by appellees. Analysis of the citations in support of the text (appearing in *Ann. Cases 1918 D. p. 222 et seq.)* establishes that, with the exception of *Morris & Cumings et al. v. State,* 65 Texas 53, where the corporation (city) was held a necessary and proper party, and the text therefore not supported thereby, in each instance the claimants to office sued the adverse claimants and did not join the corporation as a party defendant. Defendants demurred or made similar pleadings assigning failure to join all proper parties. It was held that the demurrer could not be sustained for the reason that the corporation *need not* be joined. Not one of the corporations in these cases was sued and subsequently removed as a party defendant; nor did the corporation assert any interest in the litigation or the right to be a party thereto. And see the following Section 86 in the treatment of this subject matter by the authors of American Jurisprudence.

Appellant in addition to the Appeal of Masonic Home, supra, also relies upon Rule 2229(b) of the Rules of Civil Procedure. This rule, under the heading "Permissive Joinder", permits a plaintiff to "join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transac-

tion, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." The permissive joinder rule was an adaptation of Rule 20(a) of the Federal Rules of Civil Procedure. It has expanded the common law practice in this regard. See Goodrich-Amram Procedural Rules Service, 2229(b), note page 30. With regard to the federal rule, it is said in *Barron & Holtzoff*, Federal Practice and Procedure, Vol. 2, Sec. 531, page 102: "The permissive joinder rule is procedural in nature, and is designed to remove the common law obstacles to joinder, without affecting the substantive rights of the parties. The rule is also intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy despite technical objections previously existing in many situations. It also recognizes the economy of a procedure under which several demands arising out of the same occurrence may be tried together, thus avoiding the reiteration of the evidence relating to facts common to the several demands. The rule should therefore be liberally construed and applied in practice when consistent with convenience in the disposition of actions."

It cannot now be said that the corporation-appellant does not have a legally sufficient interest in the instant quo warranto proceeding to be a party defendant. Whether it has such interest that it is a *necessary* party need not now be determined. Determination that the corporation-appellant has such interest in the validity of the election of its officers that it should be permitted to remain a party defendant removes the necessity for passing upon the other averments contained in appellants' answer claiming to support its interest. Nor is it necessary to pass upon the contention that it

could not be dismissed for the reason that there was no concurrence by or notice to the original plaintiffs as required by Rule 2232(b) of the Pennsylvania Rules of Civil Procedure.

The order of the court below is reversed insofar as it relates to the removal of the Croatian Fraternal Union of America as a party defendant. The record is remitted to the court below with a *procedendo*. Costs of this appeal to be paid by appellees.