## Green v. Aiello et al.

Before McNaugher, Weiss and Adams, JJ.

*Tobias & Weilersbacher*, for plaintiff.

*Harry Alan Sherman*, for defendants.

WEISS, J., July 5, 1951.—On September 11, 1950, defendants filed preliminary objections to plaintiff's complaint in assumpsit, stating:

1. That they were improperly joined as parties defendant.

2. That the complaint improperly joins causes of action.

3. The complaint is in violation of Pennsylvania Rules of Civil Procedure 1019 and 1020.

4. That complaint alleges tort against Pikiel and assumpsit breach by Aiello, and are, accordingly, not joinable in a single complaint.

5. That because Pikiel is not a contracting party to the agreement of purchase and sale (exhibit A), he is improperly joined in this action.

The matter was placed by præcipe upon the general argument list and argued before this court en banc.

The sole question before us is:

"Are the preliminary objections valid?"

### Discussion

Rule 1019 of the Pa. R. C. P. relates to "Contents of Pleadings. General and Specific Averments." Defendants' preliminary objections made no specifications of defaults thereunder; nor does defendants' brief discuss breaches of this rule. This court does not believe that defendants rely upon the application of this rule.

Rule 1020 of the Pennsylvania Rules of Civil Procedure provides as follows:

"(a) The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasi-contractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

"(b) If persons join as plaintiffs under Rules 2228, 2229(a) or (e), the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count, preceded by a heading naming the parties to the cause of action therein set forth.

"(c) Causes of action and defenses may be pleaded in the alternative."

The annotation under this rule in Anderson Pennsylvania Civil Practice vol. 2, pages 401 *et seq.*, indicate specific application of the rule only where a single defendant is involved. At page 404 it states:

"Joinder of defendants.

"No provision is made by the rules comparable to Rule 1020 (b) to govern the case when defendants are joined under the permissive joinder of parties rule. . . ."

Counsel for plaintiffs admits that better pleading presentation would segregate the cause of action against defendant Aiello from the cause of action against defendant Pikiel.

It is clear to this court that under the rules the complaint allegations against each party defendant offer no inherent difficulties to answer preparation. The *preliminary objections do not charge obscurity of issues, or insufficiency of allegations.*

Defendants' principal complaint as stated in their brief is:

"That the cause of action against Pikiel is in tort and against Aiello, in assumpsit and the two may not be joined in a single complaint."

Plaintiffs, however, do not concede such to be the facts, and state that the term or word "fraud" as used in the complaint with respect to Pikiel is tantamount to a "tort declaration." A careful reading of the complaint by this court does not disclose the action against Pikiel to be in tort, but the statement does clearly allege a breach of agents' (Pikiel) duty in *falsely stating that deposit money had been paid to him,* which resulted in this action—breach of contract of agency between Pikiel and plaintiffs.

Counsel for defendants will concede that the rules of principal and agent apply to Pikiel, who acted as broker or agent for plaintiffs. Pikiel, as agent, owed a duty of keeping and rendering accounts: A. L. I. Restatement of the Law of Agency, §382.

He also owed a duty of loyalty: A. L. I. Restatement of the Law of Agency, §387.

For breaches of such duties, the remedies of the principals include: A. L. I. Restatement of the Law of Agency, §399.

"A principal whose agent has violated or threatens to violate his duties has an appropriate remedy for such violation. Such remedy may be:

"(a) An action on the contract of service; . . ."

And the liability of the agent to the principal for damages is annotated as follows in A. L. I. Restatement of the Law of Agency, §400:

"(b) Damages. In an action for a breach of contract, the agent is subject to liability for harm to the interests of the principal caused by the agent's failure to perform, and also for loss of profits which were reasonably to be anticipated and which would have been made had the promised service been performed. . . ."

Defendants also complain that the issues of fact and law in the joinder of defendants *are too clearly distinct.*

Rule 2229(*b*), Permissive Joinder, however, states as follows:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

*This section clearly gives plaintiffs the right to join defendants.* The breach of contractual duties of each defendant, separately and combined, took plaintiffs' freedom of action to market their property and business, and loss to them resulted.

The requirement is "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *if any* common question of law *or* fact affecting the liability of all such persons will arise in the action."

Certainly a common question of fact pertains to the transaction. Whether in fact the deposit money

was paid, and whether its payment was insisted upon during the performance period of the purchase transaction to stop plaintiffs' freedom of action to dispose of their assets. *The failure of the deposit was a breach of duty of each and of both.*

*The Pennsylvania Rules of Civil Procedure were designed to liberalize and expedite legal proceedings and avoid multiplicity of suits and hearings; both to save convenience to parties, and to save the courts' time and expense.*

In Siranovich et al. v. Butkovich et al., 366 Pa. 56, 76 A. (2d) 640, 643, it is said in this connection:

"The permissive joinder rule was an adaption of Rule 20 (a) of the Federal Rules of Civil Procedure. It has expanded the common law practice in this regard. See Goodrich-Amram Procedural Rules Service, 2229 (b), note page 30. With regard to the federal rule, it is said in Barron & Holtzoff, Federal Practice and Procedure, Vol. 2, Sec. 531, page 102: 'The permissive joinder rule is procedural in nature, and is designed to remove the common law obstacles to joinder, without affecting the substantive rights of the parties. The rule is also intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy despite technical objections previously existing in many situations. It also recognizes the economy of a procedure under which several demands arising out of the same occurrence may be tried together, thus avoiding the reiteration of the evidence relating to facts common to the several demands. The rule should therefore be liberally construed and applied in practice when consistent with convenience in the disposition of actions.' "

Defendants' argument is without merit that defendant Aiello is being sued under a written contract

to which defendant Pikiel is not strictly a party and therefore cannot be joined. Goodrich-Amram, in annotating 2229(*d*)(2), Kind of Joinder Permitted, states at pages 53 and 54:

*"The liabilities of the respective defendants need not arise from the same written instrument.* A plaintiff may join the maker of a note and an accommodation surety who has signed a separate written suretyship agreement. Since the rule does not require that any of the liabilities must arise from any written instrument, it is obviously immaterial that they arise from separate undertakings or writings.

"The liability of the defendants may be based wholly or partially upon oral contracts. . . ."

Defendant's preliminary objections are hereby dismissed.