## Melnick v. Euler

*Samuel Melnick*, for plaintiff.

*John E. Walsh, Jr.*, for defendant.

ALESSANDRONI, P. J., July 19, 1956.—Plaintiff filed a complaint in trespass against defendants for damages for slander. The complaint alleges that defendant Euler while an agent, servant or employe of defendant Household Finance Corporation, and within the scope of his employment, did speak and publish false, scandalous, malicious and defamatory words against plaintiff to his harm. Defendants' preliminary objections in the nature of a demurrer and a demand for a more specific complaint were dismissed.

Discovery proceedings were then instituted by serving written interrogatories. Plaintiff refused to answer several of the interrogatories propounded. Defendants then ordered the interrogatories onto the motion list.

Defendants also requested an extension of time to file an answer. The extension is for the purpose of completing discovery and thereafter for the preparation of an answer. Defendants seek an extension of 20 days after completion of the discovery proceedings pending.

The motion for extending the time for answering the complaint is obviously related to plaintiff's refusal to answer certain of the interrogatories.

Plaintiff refused to answer questions concerning his identity and one Melnick who appears in the caption of several matters in certain volumes of the reported cases of Pennsylvania. To ascertain the relevance of the inquiry, we have examined some of the cases. The first is an opinion and order disbarring one Samuel Melnick; it appears in 11 D. & C. 566.

For the purpose of this discussion we shall assume that plaintiff is the Melnick mentioned in all of the cases about which defendants inquired. We shall further assume that the derogatory remarks of the courts' opinions in the cases refer to plaintiff. Even

considered with the above assumptions plaintiff properly refused to answer the questions. Specific acts of misconduct are not admissible to establish bad character or reputation: Bausewine v. Norristown Herald, Inc., 351 Pa. 634.

Therefore, the discovery proceedings now pending are concluded. Defendants must now answer to the merits.

Defendant Household Finance Corporation has raised the question of misjoinder of parties defendant; a petition was filed and a rule to show cause why the complaint should not be dismissed as to it, was allowed. Defendant Household properly argues that the complaint pleads joint liability between defendant Euler and itself.

Defendant Household first urges a misjoinder on the ground that slander is an intentional tort and therefore beyond the scope of the doctrine of respondeat superior. This position is untenable. Restatement of the Law of Agency, §247, provides:

"A master is subject to liability for defamatory statements made by a servant acting within the scope of his employment." See Hardoncourt v. North Penn Iron Co., 225 Pa. 379.

Defendant further urges that if the servant makes a defamatory statement wholly for his own purposes, the master is not liable even if the statements were made during a transaction in which the servant was acting for the master. Assuming arguendo that the foregoing is an accurate statement, its applicability depends solely on the facts. It may be applicable in this matter, but this can be determined not on the pleadings, but on the testimony adduced to establish the facts.

Where plaintiff has erred is in pleading joint liability. The liability of a master is vicarious and therefore not joint with his servant: Bausewine v. Norristown Herald, supra.

Defendant Household notes that the question of misjoinder of defendants is not properly raised by preliminary objections, but must be raised by petition and rule: 4 Anderson's Pa. Civ. Pract. 332. But the rule should not be one to show cause why the complaint should not be dismissed; if the complaint pleads a cause of action against both defendants, it should be one to show cause why the party alleging misjoinder should not be severed. The purpose of R. C. P. 2229 is to avoid multiplicity of suits inherent against defendants who are not jointly liable.

Dismissal of the complaint as to defendant Household would require plaintiff to institute another action and would further increase the already heavy burden of litigation. Rule 2229 requires not a dismissal, but a severance. See Siranovich v. Butkovich, 366 Pa. 56.

Defendant Household further argues that forcing it to remain on the record is a violation of its rights guaranteed under article I, sec. 11, of the Constitution of Pennsylvania. This argument falls of its own weight because plaintiff could have instituted an action solely against defendant Household Finance Corporation.

Defendant Household's rights will be adequately protected by severing the action against it from the action against Euler.

### Order

And now, to wit, this July 19, 1956, defendant George Euler and defendant Household Finance Corporation are each granted 20 days from the date hereof to answer to the merits.

Plaintiff Samuel Melnick need not answer interrogatories 7 to 12, inclusive.

Defendant Household Finance Corporation's rule to show cause why the complaint against it should not be dismissed is discharged; defendant Household Finance Corporation is severed as a party defendant from defendant Euler.